*435 OPINION OF THE COURT
Cheryl Gonzales, J.
Petitioners, the tenants of apartments 24, 33 and 43 of the building located at 520 West 183rd Street, commenced this proceeding by order to show cause on October 17, 2013 seeking an order imposing civil penalties, and directing the owners of the subject building to pay petitioners’ relocation expenses. In addition, petitioners seek costs, disbursements and attorneys’ fees. Respondent owners cross-moved for an order dismissing the proceeding.
On November 20, 2012, the Department of Housing Preservation and Development (HPD) conducted an inspection of the subject building and issued three class I* violations for petitioners to vacate their respective apartments. Previously, on October 19, 2012, HPD inspected the premises and issued three class C violations and one class B violation for apartment 24; four class C violations and two class B violations for apartment 33; and four class C violations and one class B violation for apartment 43. In addition, On October 19, 2012, the New York City Department of Buildings issued a partial vacate order citing
“the imminent danger to life or public safety of the occupants or to the property in that due to construction work being performed in the #3, & #4 lines of the multiple dwelling, structural stability has been compromised in Apt#s 3,4,23,24, 33, 43. Floors are sagging and plaster walls are cracking. Apt #24 flooring system is deteriorated and falling into Apt.44.”
Petitioners, who remain out of possession, assert that these violations have not been corrected, nor have they been certified as corrected with HPD, and now move for the imposition of penalties pursuant to Administrative Code of the City of New York § 27-2115 (a).
In their cross motion, respondent owners contend that the proceeding should be dismissed based on the fact that there is another proceeding pending between the same parties in which petitioners assert the same cause of action, and the petition fails to state a cause of action. Both petitioners and HPD opposed the cross motion, although HPD took no position on petitioners’ requests for relocation expenses and costs, disbursements and attorneys’ fees.
*436 Specifically, respondent owners argue that the proceeding under index No. 1548/13 which was commenced by HPD, and in which petitioners’ motion to be added as petitioners was granted on October 10, 2013, seeks the same relief. The petition in the proceeding brought under index No. 1548/13 states three causes of action: petitioners request an order to correct the violations, an order directing the owners to comply with HPD’s administrative vacate order/order to repair, and an order directing the respondent owners to grant access to HPD for inspections of the subject premises. None of the relief sought in the instant proceeding is related to the aforementioned claims in the proceeding under index No. 1548/13, and the respondent owners’ motion for dismissal pursuant to CPLR 3211 (a) (4) is without merit.
Respondent owners also seek dismissal pursuant to CPLR 3211 (a) (7) and contend that petitioners’ request for civil penalties in the absence of an order to correct is premature, there is no basis for petitioners’ claim for relocation expenses, and there is no lease violation which would support petitioners’ claim for legal fees pursuant to Real Property Law § 234.
In support of their claim that petitioners’ request for civil penalties is premature, respondent owners cite to Administrative Code § 27-2115 (a) and (i) and contend that the mere placement of violations is an insufficient basis on which to request civil penalties and pursuant to Administrative Code § 27-2115 (i) tenants may request an “order.” However, respondent owners misconstrue the meaning of the aforementioned section as it clearly provides that tenants may bring on a proceeding by order to show cause, obtain jurisdiction over the respondent owners, and if the court finds that the hazardous or immediately hazardous violations remain uncorrected after the time to do so has expired, and the violations have not been certified as corrected pursuant to Administrative Code § 27-2115 (f), the court shall direct the owners to correct the violations, and shall assess penalties as provided under Administrative Code § 27-2115 (a). Accordingly, respondent owners fail to state a basis for dismissal of the proceeding on this ground.
With regard to petitioners’ claim for relocation expenses, respondent owners contend that pursuant to 28 RCNY 18-01 (b), when there is a vacate order, it is HPD’s responsibility to provide relocation services to tenants and HPD may seek to recover those expenses from the owner pursuant to Administrative Code § 26-305 (3). Therefore, respondent owners conclude *437 that there is only authority for HPD to seek relocation expenses, and there is no statutory basis or case law upon which the tenants may rely to seek relocation expenses. However, petitioners assert that there is case law to support their claim, and cite to Farber v 535 E. 86th St. Corp. (2002 NY Slip Op 50064[U] [2002]) in which the Appellate Term, 1st Department found that since relocation was not required, as the tenants had access to the apartments during the course of the repairs, granting relocation expenses to the tenants was unwarranted. It is evident that under appropriate circumstances relocation expenses may be granted to both tenants and HPD. Under the New York City Civil Court Act § 110 (c), the Housing Part has broad jurisdiction to establish and maintain housing standards, and this section provides the authority for the Housing Part to award relocation expenses in promoting the public’s interests (see Andrew Scherer & Fern Fisher, Residential Landlord-Tenant Law in New York § 19:73 [2012]). Therefore, respondent owners’ contention that the request for relocation expenses cannot serve as the basis of a proper cause of action is without merit.
As petitioners correctly assert, respondent owners’ claim that petitioners are not entitled to attorneys’ fees pursuant to Real Property Law § 234 is entirely premature. Petitioners bear the burden of proving their claims including respondent owners’ breach of covenant(s) under the lease, and their right to attorneys’ fees as provided in the lease.
Based on the foregoing, the cross motion is denied. Respondent owners are directed to serve and file an answer by November 22, 2013, and this matter is restored to the calendar on November 25, 2013, at 9:30 a.m. for trial.

 “Class I” violations include vacate orders placed by HPD, and violations placed in buildings that are part of the HPD’s Alternative Enforcement Program.